Filed 7/17/14  Verizon of California v. Carrick CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VERIZON OF CALIFORNIA, INC., | H038157 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CV028324) |
| v. | |
| PAUL CARRICK et al., | |
| Defendants and Appellants. | |

This case concerns a private road that was condemned for a subterranean easement to install telephone cable. The Summit Road Association (SRA), is a group of people who maintain the private road with donations from and the efforts of its 140 landowner members.

Judgment was entered in this case following a jury trial to determine just compensation.  All of the the individual landowners whose property was affected by the condemnation have been fully compensated.  However, the SRA appeals the court's decision that it did not have a compensable interest in the property that was condemned.

### STATEMENT OF THE FACTS AND CASE

In October 2004, respondent Verizon California, Inc. (Verizon) filed a complaint in eminent domain.  Verizon sought to place underground fiber-optic telephone cables along Summit Road between Los Gatos and Gilroy.  The area at issue is privately owned by the owners of the property through which the road passes.  The complaint names the

record owners of the properties in which Verizon sought to condemn an easement; the SRA was not named as a defendant in the original complaint. On October 15, 2004, Verizon secured an order for prejudgment possession, allowing it to begin installing cable along Summit Road.

On March 7, 2005, the SRA filed a motion to vacate the order of prejudgment possession on the ground that Summit Road was "owned and maintained by the SRA." On December 1, 2005, Verizon filed a "First Amended Complaint" adding the SRA as a defendant because the SRA claimed a property interest in the road.

In October 2006, the SRA filed a verified answer to the "First Amended Complaint" in which it stated it was "the owner in interest of certain fees simple on behalf and as assignees from SRA Defendants of all fees simple absolute described in [Verizon's] pleadings…." (Emphasis omitted.) The SRA also asserted it was "entitled to mitigation damages for . . . that section of Summit Road that the SRA is entrusted to maintain."

Half of the defendants, including the SRA opposed the proposed condemnation. The remaining defendants named in the "First Amended Complaint" settled with Verizon or opted to allow a default to be entered.

In its opposition to the condemnation, the SRA argued that Verizon's proposed project was subject to the provisions of Public Utilities Code section 625. The court conducted a bench trial on this issue and in August 2007, the court ordered Verizon to comply with the code section. In response, Verizon sought an order from the California Public Utilities Commission (CPUC) finding that the proposed condemnation served the public interest.

In June 2008, the CPUC issued an order finding that Verizon's proposed project served the public interest. The SRA filed an application for reconsideration with the

2

CPUC that was denied. In addition, the SRA filed a petition for writ of review with the California Supreme Court that was also denied.

In a bifurcated trial in 2009, the court determined that Verizon had the right to exercise eminent domain to condemn a subterranean utility easement along Summit Road. The court also found that Verizon could condemn a temporary construction easement.

At the time for jury trial on the issue of compensation for the taking, Verizon filed a motion in limine to exclude the valuation testimony of the SRA's appraiser, Chris Pedersen. One of the grounds for the motion was that the SRA did not own a compensable interest in the property being condemned.

The court conducted a hearing pursuant to Evidence Code section 402 to determine what testimony Chris Pedersen could offer at trial. Following the hearing, the court determined that the SRA did "not have a viable property interest in the property affected by the taking," because the SRA did not own any real property. The court allowed Chris Pedersen to testify at trial, but only to the quantum of mitigation damages suffered by the property owners as a result of the condemnation.

During trial, Chris Pedersen testified, allocating 100 percent of the damages to the individual property owners. In December 2010, the jury returned a verdict and awarded compensation to the landowners. The court entered judgment on April 12, 2011, and Verizon deposited monies with the court to cover the award.

In September 2011, the landowners filed an application to withdraw their share of the funds on deposit. The landowners also filed a motion requesting additional prejudgment interest. The parties agreed that Verizon would pay $25,967.25 to the landowners to cover all claims of prejudgment interest by them.

On January 6, 2012, the parties agreed that Verizon's payment would resolve any outstanding issues regarding compensation to the landowners, and that the money would

3

be paid into the client trust account of counsel for the landowners.  The judge signed the order on January 12, 2012.

The SRA filed a notice of appeal.

**DISCUSSION**

On appeal, the SRA asserts the trial court erred in deciding in limine that the SRA did not have a compensable interest in the condemned property.  The SRA argues that an in limine motion was not a proper procedure to make a determination of standing, and that it could assert its claim under associational standing regardless of the actual ownership of the property at issue.

### *In Limine Motion*

The SRA argues that Verizon's motion to limit the testimony of its appraiser, Chris Pedersen, was not a proper mechanism for the court to ultimately decide the SRA did not have a compensable interest in the property being condemned.

The SRA cites a decision of this court, *Amtower v. Photon Dynamics, Inc*. (2008) 158 Cal.App.4th 1582 (*Amtower*) to support its argument that the issue of standing should not have been decided in limine.  In *Amtower*, this court criticized the increasingly frequent "use of in limine motions as substitutes for summary adjudication motions, motions for judgment on the pleadings, or other dispositive motions authorized by statute." (*Id*. at p. 1588.)  This court published the *Amtower* opinion "to express our concerns surrounding the proliferation of such shortcut procedures." (*Ibid*.)  There, this court observed: "The better practice in nearly every case is to afford the litigant the protections provided by trial or by the statutory processes." (*Ibid*.)  The SRA argues it should have been entitled to a full evidentiary hearing on the issue of whether the SRA had standing to seek compensation.

While this court criticized the use of in limine motions for dispositive issues, it did not set forth a blanket prohibition on such use.  Specifically, this court did not reverse the

4

judgment in *Amtower*, finding that "the trial court's unorthodox procedure does not warrant reversal because plaintiff could not have prevailed under any circumstances." (*Amtowner, supra,* 158 Cal.App.4th at p. 1588.)

Here, we reach the same conclusion. In making its determination regarding the SRA's standing to seek compensation, the court was presented with ample evidence, including the testimony of Chris Pedersen, the SRA's own expert that the SRA did not own any property. The court also had statements of the president of the SRA, Ken Moore that the SRA does not hold any ownership interest in the road, and owns no real property. Finally, the court had the statements of the lead landowner defendant, Paul Carrick, that he never assigned any property interest to the SRA. The court's conclusion that the SRA did not have a compensable interest in the condemned property was supported by substantial evidence.

Moreover, the SRA cannot demonstrate any prejudice from the court's decision. After ruling that Chris Pedersen could not testify about the SRA's ownership of property, the court allowed him to testify about the total mitigation damages suffered by the property owners. Mr. Pedersen testified during trial allocating 100 percent of the mitigation damages to the property owners. Following trial, the jury awarded compensation to the property owners for the condemnation. The parties stipulated to prejudgment interest, and a judgment was entered.

"[W]e cannot reverse the judgment of dismissal based on . . . alleged [procedural] error … unless we are convinced that that ruling resulted in a miscarriage of justice . . . ." (*People v. Edward D. Jones & Co*. (2007) 154 Cal.App.4th 627, 634; see Cal. Const., art. VI, § 13.) There was no miscarriage of justice in this case. All of the property owners were compensated by Verizon for the condemnation.

5

*Associational Standing*

The SRA argues in the alternative that regardless of the issue of whether it owned the condemned property, it could seek compensation under the principle of associational standing.

Associational standing applies where the association is seeking "declaratory or injunctive relief which would inure to the benefit of the . . . organizations' members." (*County of San Luis Obispo v. Abalone Alliance* (1986) 178 Cal.App.3d 848, 863-864, fn. omitted.) By contrast, when an association seeks damages for harm supposedly suffered by its members, associational standing is inappropriate, because an award of damages necessarily requires the participation of individual members in the lawsuit. (*Ibid.*)

Here, the SRA was seeking to assert a claim for just compensation during the jury trial. (See, e.g., *Citizens Utilities Co. v. Superior Court* (1963) 59 Cal.2d 805, 816 [the property owner in an eminent domain action "is entitled to a jury trial on the issue of just compensation"].) This claim necessarily requires the participation of the individual landowners affected by the condemnation. Indeed, the mitigation damages were attributed 100 percent to the individual landowners during trial, and they were compensated accordingly. There are no grounds upon which the SRA can assert associational standing in this case.

In conclusion, the SRA has not shown that the court erred in its ruling on the in limine motion. The court acted within its inherent discretion in considering the motion. (See, e.g., *Lucas v. County of Los Angeles* (1996) 47 Cal.App.4th 277, 284 ["[a] court has inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation and conserve judicial resources"].) Moreover, the court's conclusion that the SRA did not have a compensable interest in the condemned property was supported by substantial evidence. Finally, the SRA has not been prejudiced by the court's ruling, because all of the mitigation damages it sought were attributed to the

6

individual landowners during trial, and all of the landowners were compensated by Verizon for the condemnation.

## DISPOSITION

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.